# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            Plaintiff, )<br>vs. )<br>JACOB REED LAMBETH, )<br>            Defendant. ) | Case No. 2:08-cr-00115-JCM-PAL<br>**ORDER** |

The court conducted a hearing on non-party Las Vegas Metropolitan Police Department's ("LVMPD") Emergency Motion to Quash (Dkt. #44) on September 27, 2010. Nicholas Crosby appeared on behalf of LVMPD and Paul Riddle appeared on behalf of the Defendant.

## BACKGROUND

Defendant Jacob Reed Lambeth ("Lambeth") is charged in an indictment returned April 23, 2008 with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment arises out of an investigation conducted by LVMPD November 12, 2007, which resulted in Lambeth's arrest. The government produced discovery in this case indicating a white female was a percipient witness to the events on November 12, 2007. However, the discovery did not identify the white female. Defense investigation indicates she may be Nicole Renee Ross. Defense counsel contacted counsel for the government to determine if the government was aware of her identity. When government counsel indicated there was no record of her, and that her identity was unknown, Defense counsel served a subpoena *duces tecum* on the custodian of records for LVMPD September 2, 2010, to obtain records relating to an event number involving the arrest of Ms. Ross. LVMPD responded to the subpoena, providing some information September 8, 2010, but refused to supply information pertaining to her criminal history.

1 LVMPD filed this emergency motion to quash because the subpoena *duces tecum*, which is attached as Exhibit "A" to the motion required the production of documents on September 10, 2010. The subpoena was issued by the clerk of the court and served on the custodian of records for LVMPD September 2, 2010. The date and time for responding to the subpoena was September 10, 2010 "or as directed by counsel." The face of the subpoena provided that, in lieu of personal appearance, the subpoena may be satisfied by delivering the requested documents to any authorized representatives of the Federal Public Defender. The name of the Assistant Federal Public Defender assigned to this case and his telephone number was provided if LVMPD had any questions about the subpoena. The subpoena instructed LVMPD to contact the assigned FPD investigator at a number provided when the records were ready for pick up.

LVMPD seeks an order quashing the subpoena's request for arrest records and criminal history records pertaining to Ms. Ross because the subpoena seeks criminal history information which may not be disclosed to N.R.S. 179A.010. LVMPD also argues that the Defendant has not articulated the relevance of the requested information, that the subpoena violates the provisions of F.R.C.P. 17(c)(1) in that it was not judicially authorized, and that compliance with the subpoena is unduly burdensome because it calls for LVMPD to violate the provisions of 179A.070.

The Defendant opposes the motion to quash, asserting that Ms. Ross may be a percipient or potentially exculpatory witness to the events leading up to the Defendant's arrest. Lambeth argues that, because this is a federal criminal prosecution, Fed. R. Evid. 501 applies and requires the application of federal privilege law. Lambeth argues that state confidentiality statutes like N.R.S. 179A.070 are designed to prevent dissemination of information to the general public pursuant to public records law, and do not create a federal evidentiary privilege. Lambeth also argues that the subpoena was issued in accordance with this court's order appointing the Federal Public Defender as counsel consistent with the provisions of LCR 17-1.

## DISCUSSION

**A.    Fed. R. Crim. P. 17**

Fed. R. Crim. P. 17 governs the issuance of subpoenas in criminal proceedings. The process for obtaining subpoenas returnable at trial for those who are unable to pay for them is governed by

Rule 17(a). Rule 17(b) describes the procedure for defendants who are unable to pay the requisite witness fees and permits an *ex parte* application by a defendant requesting that the court issue a subpoena. The court will authorize issuance of a subpoena to a defendant who is unable to pay "upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense." Fed. R. Crim. P. 17(b). "Although prior judicial authorization is required, the *ex parte* nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

LCR 17-1 applies to issuance of subpoenas requested by the Federal Public Defender pursuant to Rule 17(b). Similarly, the court's standard order appointing counsel and directing the Marshal to serve subpoenas at government expense addresses subpoenas issued pursuant to Rule 17(b).

Rule 17(c) establishes the process by which federal courts can issue subpoenas *duces tecum* for the production of evidence before trial. Rule 17(c)(1) governs the production of documents and objects and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

*Id*.

Unlike a subpoena issued under Rule 17(a) or 17(b) to compel a witness to appear at trial, the court has discretion to direct that a subpoena *duces tecum* be made returnable **before** trial. However, Rule 17 is not a discovery device. *United States v. Nixon,* 418 U.S. 683, 689 (1974); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988); *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D. Ariz. 2006) ("subpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16."); *United States v. Shinderman*, 232 F.R.D. 147, 150 (D. Me. 2005); *United States v. Carter*, 15 F.R.D. 367, 369 (D.C.D.C. 1954) ("to construe Rule 17 as a discovery rule would render Rule 16 nugatory and meaningless and would defeat its limitations"). Rule 17(c) may, however, be used to obtain evidentiary materials. *See Nixon*, 418

U.S. at 699-700; *Bowman Diary Co. v. United States*, 341 U.S. 214, 219-20 (1951).

Rule 17(c)(1) does not authorize a party to subpoena a witness and require him to report at some time or place other than either a trial or hearing to be held at which he is to testify. Its purpose is to permit the issuance of subpoenas only to compel attendance at hearings conducted by the court and trial. *See United States v. LaFuente*, 54 F.3d 457 (8th Cir. 1995), *cert. denied*, 516 U.S. 902 (prosecutor improperly secured attendance of witness at pretrial interview by subpoena); *United States v. Keen*, 509 F.2d 1273 (6th Cir. 1975) (government's use of subpoenas to compel witnesses to attend pretrial interview miles from place of trial at a proceeding not authorized by court was improper); *United States v. Stirone*, 168 F. Supp. 490 (D. Pa. 1957), *aff'd*, 262 F.2d 571 (3rd Cir. 1958), *rev'd on other grounds*, 361 U.S. 212 (1960) (improper for government to issue subpoenas compelling witnesses to appear at U.S. Attorney's Office in federal courthouse to ensure keeping of proper records).

Leave of court is required for a pretrial subpoena *duces tecum*. *United States v. Beckford*, 964 F. Supp. 1010, 1021 n.10 (D. Va. 1997). A number of courts have held that the court has discretion to require production of documents by subpoena *duces tecum* prior to trial. *United States v. Lieberman*, 608 F.2d 889 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019; *United States v. Parker*, 586 F.2d 422 (5th Cir. 1978), *cert. denied*, 441 U.S. 962; *United States v. Murray*, 297 F.2d 812 (2nd Cir. 1962), *cert. denied*, 369 U.S. 828. The Supreme Court has stated:

> Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

*Nixon*, 418 U.S. at 702.

**B.     Standard for Pretrial Production**

The burden is on the party seeking production to show good cause for the production before trial. *Beckford*, 964 F. Supp. at 1022. In *United States v. Iozia*, the district court formulated a standard for establishing good cause for production prior to trial requiring a showing:

(1) That the documents are evidentiary and relevant;

(2) That they are not otherwise procurable by the defendant reasonably in

4

>advance of trial by exercise of due diligence;
>
>(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;
>
>(4) That the application is made in good faith and is not intended as a general fishing expedition.

13 F.R.D. 335, 338 (D.C.N.Y. 1952). Other federal courts have generally followed the Iozia test for establishing good cause for pretrial production. *See, e.g.*, *Nixon*, 418 U.S. at 699; *United States v. Miller*, 660 F.2d 563, 565 n. 1. (5th Cir. 1981); *United States v. Stein*, 488 F.Supp.2d 350, 366 (S.D.N.Y. 2007); *U.S. v. Gel Spice Co., Inc.*, 601 F.Supp. 1214 (D.C.N.Y. 1985).

The Supreme Court in *Nixon* held that the party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity. *Id*. at 700. The burden is on the party seeking the subpoena "to show the evidentiary nature of the requested materials with appropriate specificity." *United States v. Skeddle*, 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981), *cert. denied*, 455 U.S. 949 (1982); *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994). It is not enough that the documents requested in a Rule 17(c) subpoena *duces tecum* may have some potential of relevance and evidentiary use. *United States v. Burger*, 773 F.Supp. 1419, 1425 (D. Kan. 1991). Rather, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged. *Nixon* at 700. The specificity requirement "ensures that subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Jackson*, 155 F.R.D. at 667 *(citing United States v. Crosland*, 821 F.Supp. 1123, 1129 (E.D. Va. 1993)). The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 341 U.S. at 221. Or, as the court noted in *United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D. Fla. 1991), "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."

### C. *Ex Parte* Applications for Pretrial Production

Rule 17(b) allows an *ex parte* application by a defendant unable to pay for an order compelling a witness to appear. Rule 17(c), however, does not contain any language allowing an *ex parte* application for pretrial production by a defendant without financial means. Courts are split as to whether a party may make an *ex parte* application for a pretrial subpoena *duces tecum*, and the Ninth Circuit has not ruled upon the issue. Some courts have found that in no circumstance may a party make an *ex parte* application for a subpoena *duces tecum*. *See, e.g.*, *United States v. Fox*, 275 F.Supp.2d 1006, 1012 (D. Neb. 2003) (finding Rule 17(c) does not normally permit *ex parte* applications for subpoena *duces tecum* unless the sole purpose of seeking the documents is for use at trial); *United States v. Peterson*, 196 F.R.D. 361, 361-62 (D.S.D. 2000) (Rule 17(c) motion may not be made *ex parte* where subpoena requests documents be produced prior to trial); *United States v. Finn*, 919 F.Supp. 1305, 1330 (D. Minn. 1995) (same); *United States v. Hart*, 826 F.Supp. 380, 381 (D. Colo. 1993) (court has discretion to allow pretrial production of documents under Rule 17(c) where both parties are permitted to examine documents); *United States. v. Urlacher*, 136 F.R.D. 550, 555-56 (W.D.N.Y. 1991) (scheme of Rule 17 supports Congressional intent that compliance with subpoena *duces tecum* requires notice to opposing counsel).

Other courts have held that a party may make an *ex parte* application. *See Beckford*, 964 F.Supp. at 1025-31; *United States v. Daniels*, 95 F.Supp.2d 1160, 1162-63 (D. Kan. 2000) (*ex parte* applications permissible where source or integrity of evidence would be 'imperiled' or trial strategy disclosed); *United States v. Tomison*, 969 F.Supp. 587, 589-95 (E.D. Cal. 1997) (*ex parte* applications are generally disfavored, but are permitted in limited circumstances, such as where a subpoena served on third party and notice would compromise trial strategy). Further, as the court observed in *United States v. Reyes*:

> There are strong policy reasons in favor of an *ex parte* procedure. If a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be impaired. In addition, a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfies the *Nixon* standard of specificity, relevance, and admissibility. If a full adversary hearing was required to obtain a subpoena *duces tecum*, a party would be forced to reveal this information to the opposing side, a result which would occur even if the court declined to issue the subpoena. In this vein, the Court is mindful that

> it is often defendants who seek a *duces tecum* on an *ex parte* basis in order to avoid disclosing their trial strategy to the Government.

162 F.R.D. at 470.

This court agrees with those courts which have found that an indigent defendant should be permitted to make an *ex parte* application for pretrial production of documents under limited circumstances, such as where identification of the source of evidence potentially imperils the source or integrity of evidence; or where notice of a subpoena *duces tecum* would compromise defense counsel's trial strategy; or where a constitutional interest of a defendant is implicated. Although the court agrees that an indigent defendant should be permitted under limited circumstances to make an *ex parte* application for a subpoena *duces tecum* for pretrial production of evidence, it does not follow that the defendant is entitled to strategic advantage or tactical surprise. Rule 17(c)(1) plainly provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them." *Id*.

In several prior written orders, the court has reminded the Office of the Federal Public Defender that a subpoena issued pursuant to Rule 17(b) is issued to compel a witness to appear at trial, and that a subpoena *duces tecum* issued pursuant to Rule 17(c) is not a discovery device and may not be used to expand what a Defendant is entitled to discovery under Rule 16. The court has also made it clear that Rule 17(c)(1) does not authorize a party to subpoena a witness and require him to report at some time or place other than at trial or hearing in a case in which the witness is expected to testify. Rule 17(c) establishes a process for the court to issue subpoenas *duces tecum* for the production of evidence before trial, and this court has permitted a Defendant to make an *ex parte* application for pretrial production of document. However, the burden is on the party seeking pretrial production of documents to show good cause and specifically establishing relevancy, admissibility and specificity.

During oral argument, and in opposition to LVMPD's Motion to Quash the Subpoena, counsel for Lambeth articulated why the criminal history and other records sought pertaining to Nicole Rene Ross are needed. On November 12, 2007, officers responded to an anonymous call reporting an attempt to rob a house at 3513 N. Nellis Blvd., in Las Vegas, Nevada. The anonymous source reported

that Jacob Lambeth was attempting to rob the house and was in possession of two weapons, including a shotgun. The anonymous caller also stated Lambeth had arrived at the home in a white Cougar, and was accompanied by a white female. According to Officer Mason's report, officers who responded observed a male holding what appeared to be a shotgun placed inside a pillow case. The male, later identified as Lambeth, observed the officers and began running. He was pursued on foot and apprehended. Another officer briefly detained the white female who reportedly told the officer that the male was carrying a shotgun in a pillowcase. The officers found a shotgun wrapped in a pillowcase underneath a motor home near where the officers first observed Defendant Lambeth. The officers' reports do not identify the female, and government counsel was not aware of her identity. Defense investigation believes the white female may be Nicole Rene Ross. She is a percipient witness with a criminal history arrested under the event number listed in the subpoena served on LVMPD.

Based on these representations, the court found Defendant had met his burden of showing the evidentiary nature of the requested materials. Defendant has a good-faith belief that Ross is a percipient witness to the events surrounding Lambeth's arrest. The court directed counsel for LVMPD to file documents with the Clerk of the Court under seal for potential use as exhibits at trial. The court will also direct the Clerk of the Court to permit the attorneys for both sides to inspect and copy all or part of the exhibits.

**IT IS ORDERED** that:

1. Defendant LVMPD's Emergency Motion to Quash (Dkt. #44) is **DENIED**.
2. Counsel for LVMPD shall file the records at issue in this motion under seal with the Clerk of the Court.
3. The Clerk of the Court shall make the sealed records filed by Defendant LVMPD available for inspection and copying to counsel for Lambeth and counsel for the government.

Dated this 8th day of October, 2010.

_____
Peggy A. Leen
United States Magistrate Judge